FILED

United States District Court
Middle District of Florida
Fort Myers Division

2014 SEP 17 AM 11: 46

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

REX BOLIN,

    Plaintiff,

v.

Case No.:

MAERSK LINES LIMITED AND
M/V MAERSK WISCONSIN,

2:14-cv-546-FtM-38DNF

    Defendants.

_____/

## SEAMAN'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW REX BOLIN, a person of the age of majority and domiciled in the County of Charlotte, State of Florida, and says as follows:

1. The jurisdiction of this Court is invoked as Plaintiff was at all times pertinent, a seaman entitled to the benefits of admiralty, general maritime laws, Section 33 of the Merchant Marine Act of 1920, 46 U.S.C.A. Section 688-Jones Act, Judiciary Act of 1789 (28 U.S.C. Section 1333(1)) and under other applicable statutory laws, ordinances, regulations, and common laws of the United States of America and State of Florida. This is an admiralty or maritime claim within the meaning of Rule 9 (h).

2. The plaintiff, Rex Bolin, is a citizen of Florida. The defendant, Maersk Lines Limited is a corporation incorporated under the laws of Delaware, with its principal place of business in Virginia. The amount in controversy is in excess of $200,000.00 without interest and costs, and exceeds the sum or value specified by 28 U.S. C. §1332.

3. Defendants herein are the following: Maersk Lines Limited, a Delaware Corporation authorized to do and doing business in this County and State; and the M/V Maersk

Wisconsin, which was, at all times pertinent, a vessel in navigation, and owned, operated, maintained, manned, and controlled by defendant, Maersk Lines Limited.

4. Plaintiff is an American Seaman. Plaintiff's claims against Defendants arise pursuant to the admiralty and maritime laws of the United States and the Jones Act and, upon trial of this matter, Plaintiff would show that his injuries occurred in whole or in part as a result of the negligence of Defendants, their agents, servants and/or employees, and the unseaworthiness of Defendants' vessel.

5. Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States in that Plaintiff resides in this District, and Defendant, Maersk Lines Limited does business in this District, and it amenable to process here.

6. At the time, and on the occasion in question, Defendants were in violation of United States Coast Guard Regulations and/or OSHA Regulations and/or Statutes and such violations resulted in Plaintiff's injuries and damages alleged herein.

7. At all times pertinent, the M/V Maersk Wisconsin, was owned, operated, maintained, manned and controlled by Defendant, Maersk Lines Limited.

8. At all times material hereto, Plaintiff, REX BOLIN, was employed by Defendant, Maersk Lines Limited, and was working aboard the M/V Maersk Wisconsin.

9. On or about September 21, 2011, Plaintiff, REX BOLIN, was working as an electrician aboard the M/V Maersk Wisconsin. On such date, while performing overhead work on a fluorescent light fixture, and while standing on a ladder, such ladder collapsed suddenly and without warning, resulting in severe injuries to Plaintiff's right shoulder and other parts of his

body. Said injuries were caused by the negligence of the Defendants, its vessel, its agents, servants and/or employees and the unseaworthiness of the vessel.

10. At all times pertinent, Plaintiff, REX BOLIN, was injured while acting within the course and scope of his employment as a seaman assigned to the Maersk Wisconsin and while employed by the Defendant, Maersk Lines Limited.

11. By reason of the relationship between Plaintiff, REX BOLIN, as a member of the crew of a vessel in navigable waters, and the Defendant, Maersk Lines Limited, as Plaintiff's Jones Act employer and/or the owner *Pro Hac Vice*, and/or operator of the vessel and Plaintiff's master and/or employer, the Plaintiff is entitled to recover maintenance and cure for such time as he has been and will be either convalescing from his injuries, under medical care, or reaching his maximum medical cure. Plaintiff, REX BOLIN, demands maintenance and cure benefits from the defendant, Maersk Lines Limited.

12. The aforesaid accident resulted solely and only from the negligence and omissions of the Defendant, Maersk Lines Limited, and its agents and employees and the unseaworthiness of the M/V Maersk Wisconsin.

13. At all times pertinent, Defendant, Maersk Lines Limited, maintained the power to control and direct and it did control and direct the activities of petitioner, REX BOLIN.

14. The Defendant, Maersk Lines Limited, owed to your petitioner, REX BOLIN, a duty to furnish him a safe place to work and to provide for the safety of petitioner, and Defendant, Maersk Lines Limited, failed to do so. Such negligent acts and omissions were the cause of the injuries and damages sustained by Plaintiff, REX BOLIN.

15. Defendant, Maersk Lines Limited, could have made Plaintiff, REX BOLIN's working conditions safe through the exercise of reasonable care, though failed to do so, and such negligent acts and omissions are the cause of the injuries sustained by the Plaintiff.

16. Plaintiff, REX BOLIN, in no way contributed to or caused his injuries.

17. The Defendant, Maersk Lines Limited, was the owner and operator and/or Owner *Pro Hac Vice* of the M/V Maersk Wisconsin, including its equipment and appurtenances, that should have been reasonably fit for their intended use. The Defendant owed to the Plaintiff, REX BOLIN a duty to supply an adequate and competent crew and working equipment aboard ship. The Defendant, Maersk Lines Limited, failed in this respect and did not furnish a seaworthy vessel; and such un-seaworthiness proximately caused the injuries and damages sustained by your petitioner.

18. At all times pertinent, the Defendant, Maersk Lines Limited, acting by and through its agents, employees and servants was negligent; and such negligence was the proximate cause of the complained of accident and injuries to Plaintiff, REX BOLIN.

19. As a result of this accident and resulting injuries to Plaintiff, REX BOLIN, he has sustained injuries as follows:

   a). Past, present and future physical and mental pain, suffering, disability, disfigurement, impairment and inconvenience;

   b). Loss of enjoyment of life, the ability to pursue happiness, inconvenience under normal pursuits and pleasures of life, and feeling of economic insecurity caused by disability.

   c). Past, present and future loss of income and impairment of earning capacity;

   d). Past, present and future medical expenses;

e). Maintenance per day in an amount to be set by the Court;

f). Medical mileage;

g). Cure;

h). Found; and

i). Any other damages which may be proven at the trial of this matter.

20. Plaintiff, REX BOLIN, as a Jones Act Seaman, requests that he be allowed to proceed without prepaying fees or costs or furnishing security therefore pursuant to 28 U.S.C.S. Section 1916.

21. Plaintiff demands TRIAL BY JURY.

**WHEREFORE**, Petitioner, REX BOLIN, prays that a copy of this Complaint be served on all Defendants, Maersk Lines Limited, and M/V Maersk Wisconsin, that each be cited to appear and answer the same and that after due proceedings are had that there be judgment rendered herein in favor of Plaintiff, REX BOLIN, and against all Defendants, MAERSK LINES LIMITED, and M/V MAERSK WISCONSIN, jointly and severally, for $1,000,000.00 and/or all sums as are reasonable in the premises, together with legal interest thereon, attorney fees, pre and post-judgment interest as allowed by law, for all costs of these proceedings, for all general and

equitable relief, and that plaintiff as a seaman be allowed to proceed without prepayment of costs.

Respectfully submitted,

*Jay Calvert Cooper*

LAW OFFICE OF JAY CALVERT COOPER, P.A.
1619 Jackson Street
Fort Myers, FL 33901
Phone: (239)932-9995
Fax: (239) 931-9997
Primary E-mail: jcalpa@yahoo.com
Secondary E-mail: jaycooperlaw@gmail.com
Attorney for Plaintiff

/s/ *Jay Calvert Cooper*
JAY CALVERT COOPER
FLORIDA BAR NO: 599832